**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**CDC REAL ESTATE CORPORATION,**

  *Plaintiff*,

**v.**                                                    **Case No.  SA-24-CV-00220-JKP**

**LA BIELA, LLC, JEFF OBERG IN-**
**SURANCE TRUST, JEFF OBERG**
**CHILDREN'S TRUST, JEFF OBERG,**

  *Defendants*.

**MEMORANDUM OPINION AND ORDER**

Before the Court is La Biela, LLC, Jeff Oberg Insurance Trust, Jeff Oberg Children's Trust, and Jeff Oberg (collectively the Oberg Defendants) Motion to Dismiss for Lack of Personal Jurisdiction or, alternatively, Motion to Transfer Venue. *ECF Nos. 13,16*. Plaintiff CDC Real Estate Corporation (CDC) responded. *ECF No. 14*. Upon consideration, the Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

**Undisputed Factual Background**

Defendant La Biela was formed in August 2001 as a Colorado limited liability company, with Jeff Oberg serving as Manager. On December 10, 2001, Oberg resigned as Manager, and on the same date, CDC began service in that position. CDC was owned and managed by John Callahan; it was formed as a Delaware limited liability company, and; its principal place of business is in Texas.

Callahan managed the business of La Biela from CDC's principal place of business in Texas until CDC resigned as Manager. Specific to this suit, on September 7, 2023, acting as La

Biela's Manager, CDC caused La Biela to purchase from Alamito, LLC a 25% interest in Wadsworth & Girton, LLC (W&G) for $570,000. When Jeff Oberg discovered this transaction, he also discovered Alamito was owned by Callahan. Callahan executed the transaction through a Sale and Assignment Agreement, which is signed by Callahan for both Alamito and La Biela. At that time, W&G was a Colorado limited liability company that held an ownership interest in real property at the intersection of S Wadsworth Blvd and W Girton Ave in Jefferson County, Colorado. Oberg considered the real estate transaction to be unauthorized self-dealing by Callahan in derogation of corporate governing documents, and therefore, raised objection to this transaction. Following this dispute, CDC, through Callahan, resigned as Manager of La Biela, and Oberg resumed this position.

The parties dispute the exact date CDC, through Callahan, ceased acting as Manager. In the Amended Complaint, CDC contends that on December 29, 2023, Oberg appeared in person at Hillcrest State Bank in Dallas, Texas, to withdraw funds from a bank account CDC opened for La Biela, to which only Callahan was a signatory. CDC alleges it tendered its resignation as Manager of La Biela on January 8, 2024; on January 9, 2024, Oberg sent an email to CDC advising it had been replaced as Manager of La Biela on December 27, 2023, and; prior to January 9, 2024, CDC had no notice of the purported December 27, 2023 replacement as Manager. Oberg alleges he did not appear at the Hillcrest Bank in Texas to withdraw funds.

In the Amended Complaint, CDC seeks declaratory judgment relief, only, requesting the Court declare the rights, duties, and obligations of the parties as they pertain to the specific real estate transaction in which CDC caused La Biela to purchase a 25% interest in W&G from Alamito. CDC seeks the following declarations: (1) CDC had authority under the Company Agreement for La Biela to purchase a 25% interest in W&G; (2) the fair market value of the 25%

2

interest in W&G was at least $570,000; (3) CDC resigned as Manager of La Biela effective January 8, 2024 and has no further duties or obligations to La Biela; and (4) Defendant Jeff Oberg was not the Manager of La Biela on December 29, 2023, and had no authority to access the bank account for La Biela on that date.

The Oberg Defendants now file this Motion to Dismiss for Lack of Personal Jurisdiction.

## Legal Standard

When a nonresident defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and the court does not hold an evidentiary hearing, the plaintiff bears the burden of presenting a prima facie case that the Court holds personal jurisdiction over each defendant. *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985); *Quick Techs., Inc. v. Sage Grp. PLC,* 313 F.3d 338, 343 (5th Cir. 2002); *Allscape Clearing & Maint., Inc. v. Ranken Energy Corp.*, No. 6:13-CV-00027, 2013 WL 5352705, at *2–3 (S.D. Tex. Sept. 23, 2013). In making this determination, the court must accept as true all uncontroverted allegations in the Complaint and must resolve all factual disputes in favor of the plaintiff. *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 869 (5th Cir. 2000). However, the Court need not accept any conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power,* 253 F.3d 865, 868 (5th Cir. 2001). Once the plaintiff makes a prima facie showing of personal jurisdiction over each defendant, the burden shifts to the defendants to demonstrate that exercising personal jurisdiction would be so unfair and unreasonable as to violate due process. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

Federal courts sitting in diversity must first determine whether the forum state's long arm statute permits exercise of jurisdiction, and if so, then determine whether such exercise comports with due process. *Delgado v. Reef Resort Ltd.,* 364 F.3d 642, 644 (5th Cir. 2004); *Latshaw v.*

*Johnston,* 167 F.3d 208, 211 (5th Cir. 1999). Because the Texas long-arm statute confers jurisdiction to the limits of due process, the plaintiff's prima facie burden is to show the nonresident defendant purposefully established minimum contacts with Texas such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

To do so, a defendant's "minimum contacts" with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *D.J. Investments v. Metzeler Motorcycle Tire Agent Gregg,* 754 F.2d 542, 545 (5th Cir. 1985); *Willis v. Vericel Corp.*, No. SA-23-CV-00044, 2023 WL 2993027, at *3 (W.D. Tex. Apr. 14, 2023). There are two theories under which a court analyzes a defendant's minimum contacts with the forum state: general and specific jurisdiction. *Lewis v. Fresne,* 252 F.3d 352, 358 (5th Cir. 2001). Analysis under general jurisdiction focuses only on whether there are continuous and systematic contacts between the defendant and the forum, regardless of the cause of action. General jurisdiction may be found when the defendant's contacts with the forum state are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). To confer general jurisdiction, a defendant must have a business presence in the forum state. *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999).

Analysis of specific jurisdiction focuses on the cause of action, the defendant, and the forum. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state

arise from, or are directly related to, the cause of action." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). Courts conduct a three-step analysis to evaluate the existence of specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; and (2) whether the plaintiff's cause of action arises out of or results from defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The purposeful requirement "prevents jurisdiction from arising from mere 'random, fortuitous, or attenuated contacts, or from the unilateral activity of another party or a third person.'" *Special Indus. v. Zamil Grp. Holding Co.*, 578 F. App'x 325, 328 (5th Cir. 2014) (quoting *Burger King*, 471 U.S. at 475. If a plaintiff establishes the first two elements of this test, the burden then shifts to the defendant to show that exercising jurisdiction would be unreasonable, meaning it would offend traditional notions of fair play and substantial justice. *McFadin*, 587 F.3d at 759; *see also Luv N'care, Ltd. v. Insta–Mix, Inc.,* 438 F.3d 465, 473 (5th Cir. 2006).

## Discussion

### A. Preliminary Deficiency in Jurisdictional Arguments

In the presentation of arguments pertaining to this Motion to Dismiss, the parties attempt to frame the focus of this Motion to be the Court's determination of the validity of the real estate transaction in which Callahan caused La Biela to purchase an interest in W&G. However, the validity of the requests for declaratory relief and the ultimate validity of the real estate transaction are the substantive matters of the lawsuit itself. At this preliminary stage, this Court must determine whether it holds personal jurisdiction over each of the Oberg Defendants. Determina-

tion of personal jurisdiction requires analysis of each Defendant's contacts with the state of Texas.

To begin, CDC presents argument in favor of personal jurisdiction only as it pertains to La Biela. CDC does not present any argument to support this Court's exercise of personal jurisdiction specific to Jeff Oberg, the Oberg Insurance Trust, or the Oberg Children's Trust. Personal jurisdiction must be established over each defendant independently. *Calder v. Jones*, 465 U.S. 783, 790 (1984); *see also In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019); *Kinslow v. Pullara*, 538 F.3d 687, 693 (7th Cir. 2008); *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006); *Final Expense Direct v. Python Leads, LLC*, 689 F.Supp.3d 430, 436 (S.D. Tex. 2023). However, no clear Fifth Circuit precedent directs the result should the plaintiff fail to establish a prima facie case of personal jurisdiction over every defendant, or if a Court lacks personal jurisdiction over any defendant. The Court presumes only those claims against the specific individual defendant over which it lacks personal jurisdiction or those claims against only those defendants which the plaintiff fails to satisfy its burden shall be dismissed, not the entirety of the case. *See Kinslow*, 538 F.3d at 693; *Final Expense Direct*, 689 F.Supp.3d at 436. Consequently, because CDC failed to present argument or evidence pertaining specifically to personal jurisdiction over Jeff Oberg, the Oberg Insurance Trust, or the Oberg Children's Trust, it failed to satisfy its burden for these Defendants, and consequently, the case shall be dismissed for lack of personal jurisdiction against each of these Defendants.

### B. Specific Jurisdiction

CDC presents argument under the theory of specific jurisdiction, only, in support of the Court's finding the Oberg Defendants held sufficient minimum contacts with Texas. CDC makes no arguments under the theory of general jurisdiction. *See ECF No. 14, pp. 5-11*. In these argu-

ments, CDC presents a single basis for this Court's exercise of specific, personal jurisdiction: CDC's agency relationship with La Biela. CDC contends this Court holds specific jurisdiction over La Biela because: (1) the agency relationship between CDC and La Biela is the source of the declaratory-relief requests, and (2) this agency relationship is sufficient to establish minimum contacts with Texas such that the Oberg Defendants should reasonably anticipate being summoned into a Texas court. CDC extends this argument to include Jeff Oberg's appearance at Hillcrest Bank in Dallas, Texas, to withdraw La Biela's funds was sufficient contact in Texas to impose specific, personal jurisdiction.

To support this argument, CDC presents evidence the parties entered a contract authorizing it to act as Manager, or agent, of La Biela. CDC also presents evidence its principal place of business was in Texas at the time the parties entered this contract, and for 23 years, CDC conducted business for La Biela from CDC's principal place of business in Texas. CDC presents evidence that its management of La Biela's business comprised depositing La Biela's funds in a bank account in Texas; overseeing receipts of distributions of profits and income to La Biela; executing contracts for the sale and purchase of assets on behalf of La Biela, and; conducting accounting, bookkeeping, and management of federal and state tax filings from its principal place of business in Texas-although the state tax filing were filed in Colorado. CDC also presents evidence attesting "La Biela's business activities primarily involved certain intangible investments in Wisconsin;" La Biela held no investment assets in Texas, and; the subject of this declaratory-relief action is a real estate investment in Colorado. *ECF No. 14, exh. A.* Based upon this evidence, CDC contends the contractual relationship between La Biela and CDC and CDC's conduct as agent and Manager of La Biela from its home base in Texas are sufficient to

7

establish the minimum contacts necessary to impose specific personal jurisdiction because these activities as CDC's Manager made Texas La Biela's principal place of business.

As stated, this Court will hold specific jurisdiction over La Biela should CDC's actions as Manager, or agent, establish the necessary minimum contacts with Texas, and the cause of action arose from or is directly related to La Biela's contacts with Texas. *See Mink*, 190 F.3d at 336. In this regard, this Court has specific jurisdiction if La Biela committed at least one act in the forum state and if that act is substantially related to this suit. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2014). With regard to the first prong of this test, a plaintiff cannot establish a defendant's minimum contact with the forum state based solely as a result of attenuated contacts or its own unilateral activity. *Burger King*, 471 U.S. at 475. That is, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 285 (2014); *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193–94 (5th Cir. 2019; *McFadin*, 587 F.3d at 760.

Further, "'merely contracting with a resident of the forum state does not establish minimum contacts.'" *McFadin*, 587 F.3d at 760 (quoting *Moncrief Oil Int'l,* 481 F.3d at 311, 313); *see also Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Colwell Realty Investments, Inc. v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330, 1334 (5th Cir. 1986); *Final Expense Direct v. Python Leads, LLC*, 689 F.Supp.3d 430, 437 (S.D. Tex. 2023); *Composite Cooling Solutions, LP v. TriState HVAC Equipment LLP*, 2016 WL 11746295, at *5-6 (N.D. Tex. Oct. 31, 2016). Jurisdiction must not be based on the fortuity that the plaintiff, who is one party to a contract resides in the forum state and performs the contract from the forum state. *Id*.

Consequently, the fact that La Biela entered a contract with CDC, and CDC performed its management responsibilities of La Biela from Texas is insufficient to establish the necessary minimum contacts to impose specific jurisdiction over La Biela. *See Montcrief*, 481 F.3d at 311. Further, because personal jurisdiction cannot be based upon CDC's unilateral activity, and La Biela's contacts with Texas may be intertwined with transactions or interaction with CDC, this contractual relationship, standing alone, is an insufficient basis for personal jurisdiction over La Biela. *Waldon v. Fiore*, 571 U.S. 277, 286 (2014). Further, even if Jeff Oberg did appear at Hillcrest Bank in Texas to withdraw La Biela's funds, this contact is not sufficient to comprise purposeful availment to the laws and privileges of Texas to impose specific, personal jurisdiction.

Because CDC relies solely upon its own its own contact and conduct in Texas, even if performed for the benefit of La Biela, it fails to satisfy the first prong to establish specific jurisdiction as it pertains to La Biela. CDC's contacts with Texas and its performance of the contract with La Biela cannot serve as the basis for specific jurisdiction against La Biela.

Although the Court's inquiry may end with CDC's failure to satisfy the first prong of the specific jurisdiction "minimum contacts" test, the Court will discuss the second prong in the interest of caution. With regard to the second prong, CDC must present prima facie evidence that the declaratory-relief cause of action arose out of or results from La Biela's alleged forum related contacts. *Mink,* 190 F.3d at 336; *McFadin*, 587 F.3d at 759.

The requested declaratory relief in the Amended Complaint focuses on a transaction in which Callahan caused Alamito, his company, to sell its 25% interest in W&G to La Biela. CDC requests the Court declare the rights, duties, and obligations of the parties as they pertain to this specific real estate transaction pertaining to property located in Colorado. Nothing indicates, and CDC fails to provide sufficient prima facie proof, that this declaratory-relief cause of action aris-

es from La Biela's contacts within Texas. The only act that occurred in Texas related to this real estate transaction was Callahan's signing of the contract for both Alamito and La Biela. This unilateral activity of CDC, the plaintiff, cannot impute La Biela's purposeful availment to the laws and protections of Texas, nor can it substantiate the cause of action arose from La Biela's contacts with Texas. Burger King Corp., 471 U.S. at 475.

For these reasons, CDC fails to satisfy its burden to present prima facie evidence that La Biela held sufficient minimum contact Texas, and the cause of action arose from this contact with Texas. Consequently, this Court cannot exercise specific, personal jurisdiction over La Biela.

## Conclusion

For the reasons stated, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED. The Clerk of Court is directed to close this case.

It is so ORDERED.
SIGNED this 22nd day of July, 2024.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE